Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
GAMALIEL LEON, *individually and on behalf of others similarly situated,*

              *Plaintiff,*

-against-

MOUNTAIN FRUITS OF AVE. M, INC. (d/b/a MOUNTAIN FRUITS) and CHAIM NUSSENSCWEIG

              *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Gamaliel Leon, individually and on behalf of others similarly situated ("Plaintiff Leon"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Mountain Fruits Of Ave. M, Inc. (d/b/a/ Mountain Fruits) ("Defendant Corporation") and Chaim Nussenscweig, (collectively, "Defendants"), upon information and belief alleges as follows:

## NATURE OF ACTION

1. Plaintiff Leon is a former employee of Defendants Mountain Fruits Of Ave. M, Inc. (d/b/a/ Mountain Fruits) and Chaim Nussenscweig who owns and operates Mountain Fruits.

2. Mountain Fruits is a supermarket owned by Chaim Nussenscweig, located at 1523 Avenue M, Brooklyn, New York, 11230.

3. Upon information and belief, Defendants Chaim Nussenscweig or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operate or operated the supermarket as a joint or unified enterprise.

4. Plaintiff Leon was an employee of Defendants.

5. Plaintiff Leon worked long days as a cook at the supermarket located at 1523 Avenue M, Brooklyn, New York 11230.

6. Plaintiff Leon regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Leon the required additional overtime premium for any overtime hours worked.

8. Defendants' conduct extended beyond Plaintiff Leon to all other similarly situated employees.

9. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Leon and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Leon now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et*

*seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff Leon seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Leon's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Leon was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Gamaliel Leon ("Plaintiff Leon" or "Mr. Leon") is an adult individual residing in Kings County, New York. Plaintiff Leon was employed by Defendants from approximately 2009 until on or about February 17, 2017.

15. At all relevant times to this complaint, Plaintiff Leon was employed by Defendants as a cook at Mountain Fruits, located at 1523 Avenue M, Brooklyn, New York, NY 11230.

16. Plaintiff Leon consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. Defendants own, operate, and/or control a Supermarket located at 1523 Avenue M, Brooklyn, New York 11230 under the name of Mountain Fruits, at all times relevant to this complaint.

18. Upon information and belief, Defendant Mountain Fruits Of Ave. M, Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1523 Avenue M, Brooklyn, New York, 11230 and its corporate headquarters at 1520 Avenue M, Brooklyn, New York 11230.

19. Defendant Chaim Nussenscweig is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

20. Defendant Chaim Nussenscweig is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21. Defendant Chaim Nussenscweig possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant Chaim Nussenscweig determined the wages and compensation of employees, including Plaintiff Leon, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

23. Defendants operate a supermarket located at 1523 Avenue M, Brooklyn, New York, 11230.

24. Individual Defendant Chaim Nussenscweig possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Leon's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Leon, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Leon, and all similarly situated individuals, and are Plaintiff Leon's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Leon and/or similarly situated individuals.

29. Upon information and belief, Individual Defendant Chaim Nussenscweig operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

   (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of his own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Leon's employers within the meaning of the FLSA and NYLL.

31. Defendants had the power to hire and fire Plaintiff Leon, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Leon's services.

32. In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the supermarket on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Leon is a former employee of Defendants, who was employed as a cook.

35. Plaintiff Leon seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Gamaliel Leon*

36. Plaintiff Leon was employed by Defendants from approximately 2009 until on or about February 17, 2017.

37. At all relevant times, Plaintiff Leon was employed by Defendants to work as a cook.

38. Plaintiff Leon regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a cook.

39. Plaintiff Leon's work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Leon regularly worked in excess of 40 hours per week.

41. From approximately March 2011 until on or about February 17, 2017, Plaintiff Leon worked from approximately 8:00 a.m. until on or about 4:00 p.m. Sundays and Mondays, from approximately 8:00 a.m. until on or about 5:00 p.m. Tuesdays, Wednesdays and Thursdays, and from approximately 8:00 a.m. until on or about 12:00 p.m. on Fridays (typically 47 hours per week).

42. From approximately March 2011 until on or about September 2013, defendants paid Plaintiff Leon his wages in cash.

43. From approximately October 2014 until on or about February 17, 2017, defendants paid Plaintiff Leon his wages in a combination of check and cash.

44. From approximately March 2011 until on or about September 2013, defendants paid Plaintiff Leon a fixed salary of $750 per week.

45. From approximately October 2013 until on or about December 2014, defendants paid Plaintiff Leon a fixed salary of $800 per week.

46. From approximately January 2015 until on or about February 17, 2017, defendants paid Plaintiff Leon a fixed salary of $860 per week.

47. Plaintiff Leon was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

48. Defendants did not provide Plaintiff Leon with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

49. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Leon regarding wages as required under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Leon a statement of wages, as required by NYLL 195(3).

51. Defendants did not give any notice to Plaintiff Leon, in English and in Spanish (Plaintiff Leon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52. Defendants required Plaintiff Leon to purchase "tools of the trade" with his own funds—including one pair of non-slip shoes each year.

*Defendants' General Employment Practices*

53. Defendants regularly required Plaintiff Leon to work in excess of forty (40) hours per week without paying him the appropriate overtime compensation.

54. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Leon and all similarly situated employees to work in excess of forty (40) hours per week without paying them the overtime compensation required by federal and state laws.

55. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

56. Defendants paid Plaintiff Leon all of his wages either in cash or in a combination of check and cash.

57. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Leon (and similarly situated individuals) worked, and to avoid paying Plaintiff Leon properly for overtime due.

59. Defendants failed to provide Plaintiff Leon and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether

9

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

60. Plaintiff Leon brings his FLSA overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Mountain Fruits (the "FLSA Class").

61. At all relevant times, Plaintiff Leon and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

62. The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

63. Plaintiff Leon repeats and re-alleges all paragraphs above as though fully set forth herein.

64. Defendants, in violation of the FLSA, failed to pay Plaintiff Leon (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

65. Defendants' failure to pay Plaintiff Leon (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66. Plaintiff Leon (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS

67. Plaintiff Leon repeats and re-alleges all paragraphs above as though fully set forth herein.

68. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Leon (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

69. Defendants failed to pay Plaintiff Leon (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

70. Defendants' failure to pay Plaintiff Leon (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

71. Plaintiff Leon (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

72. Plaintiff Leon repeats and re-alleges all paragraphs above as though fully set forth herein.

73. Defendants failed to provide Plaintiff Leon with a written notice, in English and in Spanish (Plaintiff Leon's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

74. Defendants are liable to Plaintiff Leon in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

75. Plaintiff Leon repeats and re-alleges all paragraphs above as though set forth fully herein.

76. Defendants did not provide Plaintiff Leon with wage statements upon each payment of wages, as required by NYLL 195(3).

77. Defendants are liable to Plaintiff Leon in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

78. Plaintiff Leon repeats and realleges all paragraphs above as though set forth fully herein.

79. Defendants required Plaintiff Leon to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as NON-SLIP SHOES, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

80. Plaintiff Leon was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Leon respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Leon and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Leon's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Leon and the FLSA class members;

(e) Awarding Plaintiff Leon and the FLSA class members damages for the amount of

unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Leon and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Leon and the members of the FLSA Class;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Leon's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Leon and the FLSA Class members;

(j) Awarding Plaintiff Leon and the FLSA class members damages for the amount of unpaid overtime wages under the NYLL as applicable;

(k) Awarding Plaintiff Leon and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(l) Awarding Plaintiff Leon and the FLSA class members pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff Leon and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(n) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Leon demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 3, 2017

                MICHAEL FAILLACE & ASSOCIATES, P.C.

                /s/ Michael Faillace
                By: Michael A. Faillace [MF-8436]
                     60 East 42nd Street, Suite 2540
                     New York, New York 10165
                     (212) 317-1200
                     *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 24, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            **Gamaliel Leon**

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:        *[signature]*

Date / Fecha:             24 de febrero de 2017

*Certified as a minority-owned business in the State of New York*